**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WOSU INVESTMENTS LLC,<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| -vs- | § | CIVIL NO. 6:22-cv-00135-ADA |
| ONEPLUS TECHNOLOGY CO. LTD.,<br>*Defendant.* | §<br>§<br>§<br>§ | |

## ORDER DENYING DEFENDANT'S MOTION FOR ALTERNATIVE SERVICE

Before the Court is Plaintiff WSOU Investments LLC's ("WSOU" or "Plaintiff") Motion for Alternative Service (the "Motion") on OnePlus Technology (Shenzhen) Company Limited ("OnePlus" or "Defendant"). ECF No. 7. After a thorough review of the briefs, relevant facts, oral arguments, and the applicable law, the Court **DENIES-IN-PART** Plaintiff's Motion and **ORDERS** supplemental briefing.

### I.     BACKGROUND

Plaintiff is a Delaware corporation with a principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas 76701. ECF No. 7 at 2. Defendant is a Chinese corporation with a principal place of business located at 18F Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong, 518040, China. *Id.* Defendant maintains a U.S. presence and a registered agent for service of process at locations within the United States, one of which is in Irving, Texas. *Id.* The same parties have related cases before this Court where the Federal Circuit found that this Court did not abuse its discretion in granting of alternative service. *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *4 (Fed. Cir. Sept. 10, 2021). Here, Plaintiff again seeks permission to effect alternative service on the Defendant

because Plaintiff contends that the Motion is legally proper and factually identical as the other cases where this Court granted alternative service. ECF No. 7 at 1-2. Defendant has not responded to Plaintiff's motion for alternative service.

OnePlus's subsidiary OnePlus Global, maintains a U.S. presence and registered agent for service of process in California. *Id.* at 2. OnePlus's subsidiary OnePlus USA Corp. maintains a U.S. presence and a registered agent for service of process in Irving, Texas. *Id.*

## II.   LEGAL STANDARD

1. Federal Rules of Civil Procedure

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations such as Defendants. FED. R. CIV. P. 4(h). Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted in any manner prescribed by Rule 4(f) for serving an individual except for personal delivery under Rule (4)(f)(2)(C)(i).

According to Rule 4(f), service on a foreign defendant must comply with one of three provisions. FED. R. CIV. P. 4(f). Rule 4(f)(1) states that service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(2) provides several methods of service to an individual in a country when there is no applicable international agreement. Rule 4(f)(3) permits a party to use an alternative method of service if the party obtains permission of the court and the method is not otherwise prohibited by international agreement. *Id.*

So long as the method of service is not prohibited by international agreement, this Court has considerable discretion to authorize an alternative means of service. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under

Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). "Under Rule 4(f)(3), federal courts have discretionary authority to direct service." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010). While "other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Midmark Corp. v. Janak Healthcare Priv. Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014).

Federal Rule of Civil Procedure 4(h)(2) provides for service on a foreign corporation outside the United States "in any manner prescribed by Rule 4(f) regarding service on an individual. FED. R. CIV. P. 4(h)(2). Also, Federal Rule of Civil Procedure 4(f)(3) allows the court to authorize service on a foreign individual "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). When a method of service is not prohibited by international agreement, courts have considerable discretion whether to allow alternative methods of service. *Monolithic Power Systems, Inc. v. Meraki Integrated Circuit Technology, LTD.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040 (N.D. Tex. Oct. 25, 2021). Further, service under Rule 4(f)(3) is neither a "last resort" or "extraordinary relief." *Id*. at 1.

Compliance with the Hague Service Convention is mandatory only if the method of serving process involves the transmittal of documents abroad. *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537 (5th Cir. 1990). In other words, if service on a foreign defendant is valid and complete under state law without transmitting documents abroad, the Hague Convention is inapplicable. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Thus, "neither the Hague Convention nor any other international agreement prohibits

service on a foreign corporation through its U.S. Counsel, in-house counsel, or a wholly-owned U.S. subsidiary." *STC.UNM v. Taiwan Semiconductor Mfg. Co.*, No. 6:19-CV-00261-ADA, 2019 U.S. Dist. LEXIS 321994, at *1 (W.D. Tex. May 29, 2019).

### 2. The Federal Rules of Civil Procedure Do Not Require a Hague Service Attempt Before Granting Leave for Alternative Service

The Federal Rules of Civil Procedure do not require a party to attempt service under the Hague Convention as a prerequisite to requesting alternative service under Rule 4(f)(3), and the U.S. Supreme Court denied certiorari on this issue. *Nuance*, 626 F.3d at 1238 ("numerous courts have found alternate service methods appropriate without a prior attempt to serve through the Hague Convention. . . . This court holds that the district court erred in requiring service of [Defendant] under the Hague Service Convention."), *cert. denied,* 564 U.S. 1053 (2011). "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing" to 4(f)(1) and 4(f)(2) and is not "extraordinary relief" or a "last resort." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (citing *Nuance*, 626 F.3d at 1239). "[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., L.L.C. v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

### 3. This Court Imposes Typical Requirements Before Granting Alternative Service

So long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service. *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (citing *Rio*, 284 F.3d at 1014 (9th Cir. 2002)).

This Court recently conformed its exercise of discretion to the "typical" practices recently described by the Federal Circuit. *Aprese Sys. Texas, LLC v. Audi AG*, No. 6:21-CV-01014-ADA, 2022 WL 891951, at *2 (W.D. Tex. Mar. 25, 2022); *OnePlus*, 2021 WL 4130643, at *3. When exercising its discretion, this Court looks "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means." *OnePlus*, 2021 WL 4130643, at *3; *The Trustees of Purdue Univ. v. STMicroelectronics N.V. et al.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) ("The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve ST-INTL"); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech. Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit alternative service here where [Plaintiff] has not shown that it has at least made some effort to serve [Defendants] through other means first.").

In special circumstances, the Court will grant leave to effect alternative service without first requiring an attempt to serve defendants through other, conventional means. *OnePlus*, 2021 WL 4130643, at *3 ("To be sure, courts have typically invoked Rule 4(f)(3) only when special circumstances have justified departure from the more conventional means of service."). This consideration guides the exercise of discretion but is not an exhaustion requirement. *Id.* This Court does not intend "to order alternative service in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4. Due to the Federal Circuit's concern, this Court will not invoke "alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *Id.* at *3.

If service under the Hague Convention is required, plaintiffs should make a reasonable effort to attempt service under the Hague Convention before requesting alternative means of service from this Court, except when special circumstances otherwise justify alternative service. Special circumstances that justify alternative service include "when a member state has categorically refused" to effect service. *Nuance*, 626 F.3d at 1238. A court may grant alternative service when war makes service impractical in a member state. *Avus Holdings, LLC, et al., v. Iron Lab*, No. 6:22-cv-00134 (W.D. Tex. Apr. 25, 2022), ECF No. 23 at 4. The Federal Rules of Civil Procedure expressly envisions granting alternative service when a Hague member state takes too long to complete service or in cases of urgency. FED. R. CIV. P. 4 Advisory Committee Note to 1993 Amendment. Courts also grant alternative service when a plaintiff "currently in the process of serving [a defendant] under the Hague Convention" moves to "request alternative service so as to not further delay this case." *Ackerman v. Glob. Vehicles U.S.A., Inc.*, No. 4:11CV687RWS, 2011 WL 3847427, at *3 (E.D. Mo. Aug. 26, 2011).

  4. <u>Constitutional Due Process Considerations</u>

The Due Process Clause requires every method of service to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). When a court authorizes alternate service of process, the plaintiff's request is analyzed through traditional notions of due process, satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *OnePlus*, 2021 WL 2870679, at *3. The due process analysis determines whether traditional notions of fair play and substantial justice have been offended when asserting personal jurisdiction over a defendant. *Id.* Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas's long-arm statute. The

Texas long-arm statute is interpreted to reach as far as the federal constitutional requirements of due process will allow. *Id.*

### III.   ANALYSIS

This Court has discretion but does not automatically grant leave to effect alternative service in every case. This Court requires parties to either show that they have made a reasonable effort at attempt conventional service or to show that special circumstances justify alternative service. In cases involving a foreign defendant in a Hague Convention member country, the plaintiff should (1) reasonably attempt to follow the Hague Convention before requesting alternative service or (2) show that a special circumstance justifies granting alternative service.

Here, Plaintiff requested alternate service of process by (i) email to domestic counsel at Morgan Lewis who currently represent OnePlus in five other pending patent cases, and by (ii) personal delivery to an authorized agent of OnePlus's domestic subsidiary, OnePlus Global or OnePlus USA Corp. ECF No. 7 at 1.

1. <u>Whether Plaintiff Has Made a Reasonable Effort at Conventional Service</u>

WSOU made several attempts at service.

First, WSOU emailed OnePlus's U.S. counsel asking him to accept service of the complaint in this action. ECF No. 7 at 4. OnePlus's U.S. counsel responded that he was not authorized to do so. Serving counsel who is not authorized to accept service is not a form of conventional service, so attempting to do so is not a reasonable attempt at conventional service.

Second, WSOU mailed the complaint to OnePlus in China. ECF No. 7 at 4. However, the mailing implicates the Hague Convention, and a mailing without abiding by the Hague Convention procedures is not a reasonable attempt a conventional Hague service.

Finally, WSOU served the complaint on subsidiary OnePlus USA Corp. and unsuccessfully attempted to serve the registered agent of OnePlus Global. ECF No. 7 at 4. The Court requires supplemental briefing on this attempt.

### 2. No Special Circumstances Justify Alternative Service

Even if a Plaintiff has not attempted conventional service, a Court will still invoke Rule 4(f)(3) when "special circumstances have justified departure from the more conventional means of service." *OnePlus,* 2021 WL 4130643, at *3. Example justifications include war, futility, urgency, and actual delay, but not expected inconvenience.

WSOU seeks alternative service to "avoid the significant burden of serving under the Hague Convention," ECF No. 7 at 4. The Court has weighed this delay against the Federal Circuit's "concern" against the "invocation of alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *OnePlus*, 2021 WL 4130643, at *3. In accordance with the Federal Circuit's guidance, the Court declines to allow alternative service to avoid the significant burden.

WSOU also seeks alternative service because this Court "should follow its prior ruling in *OnePlus* as affirmed by the Federal Circuit" in five earlier cases. ECF No. 7 at 6 (citing *OnePlus*, 2021 WL 4130643). To stay in line with guidance from the Federal Circuit, this Court wishes to make clear that it does not "intend[] to order alternative service in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4. Thus, even though the Court did authorize this service in five earlier cases, it will not automatically do so in every case between WSOU and OnePlus.

3. Due Process

When a court authorizes alternate service of process, the plaintiff's request is analyzed through traditional notions of due process, satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *OnePlus*, 2021 WL 2870679, at *3.

WSOU proposes service by (1) email to OnePlus's current U.S. counsel, and (2) by personal delivery to the authorized agent of OnePlus's U.S. subsidiary, OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 94541 or OnePlus's U.S. subsidiary, OnePlus USA Corp., at 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039. To ensure the greatest probability of notice, the Court finds that the proposed email notice in combination with delivery to both OnePlus's U.S. subsidiary, OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 94541 **and** OnePlus's U.S. subsidiary, OnePlus USA Corp., at 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039 satisfies due process requirements.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED-IN-PART. IT IS FURTHER ORDERED** that Plaintiff provide supplemental briefing within one week on the following questions:

1) Whether WSOU's service the complaint on subsidiary OnePlus USA Corp. and unsuccessful attempt to serve the registered agent of OnePlus Global qualify as a reasonable attempt at conventional service;

2) Whether OnePlus USA Corp. or OnePlus Global are authorized agents for OnePlus or an alter ego of OnePlus;

3) Whether *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.* correctly interprets Texas's long-arm statute by limiting domestic service of foreign corporations to

authorized agents and alter egos. No. 3:17-CV-01827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018).

Alternatively, Plaintiff has leave to re-file its motion after attempting conventional service or if a special circumstance justifying alternative service materializes.

SIGNED this 19th day of August, 2022.

                                          ALAN D ALBRIGHT
                                          UNITED STATES DISTRICT JUDGE