IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC,<br>*Plaintiff,* | § § § | |
| -vs- | § § | CIVIL NO. 6:22-cv-00135-ADA |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO. LTD.,<br>*Defendant.* | § § § § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR ALTERNATIVE SERVICE

Before the Court is Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("Brazos" or "Plaintiff") Motion for Alternative Service (the "Motion") on Defendant OnePlus Technology (Shenzhen) Company Limited ("OnePlus" or "Defendant"). ECF No. 7. After a thorough review of the briefs, including the supplemental briefing ordered by the Court (ECF No. 11), relevant facts, and the applicable law, the Court **GRANTS** Plaintiff's Motion (ECF No. 7). The Court's decision in its earlier Order (ECF No. 10) is **REVERSED** in view of the supplemental briefing.

### I.  BACKGROUND

Plaintiff is a Delaware corporation with a principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas 76701. ECF No. 7 at 2. Defendant is a Chinese corporation with a principal place of business located at 18F Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong, 518040, China. *Id.* Defendant maintains a U.S. presence and a registered agent for service of process at locations within the United States, one of which is in Irving, Texas. *Id.* The same parties have related cases before this Court where the Federal Circuit found that this Court did not abuse its discretion in granting of alternative service.

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *4 (Fed. Cir. Sept. 10, 2021). Here, Plaintiff again seeks permission to effect alternative service on the Defendant because Plaintiff contends that the Motion is legally proper and factually identical as the other cases where this Court granted alternative service. ECF No. 7 at 1-2. Defendant has not responded to Plaintiff's motion for alternative service.

OnePlus's subsidiary OnePlus Global, maintains a U.S. presence and registered agent for service of process in California. *Id.* at 2. OnePlus's subsidiary OnePlus USA Corp. maintains a U.S. presence and a registered agent for service of process in Irving, Texas. *Id.*

On August 19, 2022, the Court denied-in-part the Motion and requested a supplemental brief with answers to the following questions: (i) whether the alternative service method here satisfies the Texas long-arm statute or otherwise whether the NDTX's holding in *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018), correctly interprets that statute by limiting domestic service of foreign corporations to authorized agents and alter egos; (ii) whether OnePlus Global and OnePlus USA that Brazos attempted to serve are authorized agents or alter egos of OnePlus; (iii) whether Brazos's attempts to serve OnePlus Global and OnePlus USA qualify as a reasonable attempt at conventional service; and (iv) whether there are any special circumstances justifying alternative service. ECF No. 10 at 9-10. On August 16, 2022, Plaintiff filed its supplemental brief addressing the Court's questions. ECF No. 11.

## II.    LEGAL STANDARD

### 1. Federal Rules of Civil Procedure

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations such as Defendants. FED. R. CIV. P. 4(h). Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted in any

manner prescribed by Rule 4(f) for serving an individual except for personal delivery under Rule (4)(f)(2)(C)(i).

According to Rule 4(f), service on a foreign defendant must comply with one of three provisions. FED. R. CIV. P. 4(f). Rule 4(f)(1) states that service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(2) provides several methods of service to an individual in a country when there is no applicable international agreement. Rule 4(f)(3) permits a party to use an alternative method of service if the party obtains permission of the court and the method is not otherwise prohibited by international agreement. *Id.*

So long as the method of service is not prohibited by international agreement, this Court has considerable discretion to authorize an alternative means of service. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). "Under Rule 4(f)(3), federal courts have discretionary authority to direct service." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010). While "other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Midmark Corp. v. Janak Healthcare Priv. Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014).

Federal Rule of Civil Procedure 4(h)(2) provides for service on a foreign corporation outside the United States "in any manner prescribed by Rule 4(f) regarding service on an

individual. FED. R. CIV. P. 4(h)(2). Also, Federal Rule of Civil Procedure 4(f)(3) allows the court to authorize service on a foreign individual "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). When a method of service is not prohibited by international agreement, courts have considerable discretion whether to allow alternative methods of service. *Monolithic Power Systems, Inc. v. Meraki Integrated Circuit Technology, LTD.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040 (N.D. Tex. Oct. 25, 2021). Further, service under Rule 4(f)(3) is neither a "last resort" or "extraordinary relief." *Id*. at 1.

Compliance with the Hague Service Convention is mandatory only if the method of serving process involves the transmittal of documents abroad. *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537 (5th Cir. 1990). In other words, if service on a foreign defendant is valid and complete under state law without transmitting documents abroad, the Hague Convention is inapplicable. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Thus, "neither the Hague Convention nor any other international agreement prohibits service on a foreign corporation through its U.S. Counsel, in-house counsel, or a wholly-owned U.S. subsidiary." *STC.UNM v. Taiwan Semiconductor Mfg. Co.*, No. 6:19-CV-00261-ADA, 2019 U.S. Dist. LEXIS 321994, at *1 (W.D. Tex. May 29, 2019).

> 2. <u>The Federal Rules of Civil Procedure Do Not Require a Hague Service Attempt Before Granting Leave for Alternative Service</u>

The Federal Rules of Civil Procedure do not require a party to attempt service under the Hague Convention as a prerequisite to requesting alternative service under Rule 4(f)(3), and the U.S. Supreme Court denied certiorari on this issue. *Nuance*, 626 F.3d at 1238 ("numerous courts have found alternate service methods appropriate without a prior attempt to serve through the Hague Convention. . . . This court holds that the district court erred in requiring service of [Defendant] under the Hague Service Convention."), *cert. denied,* 564 U.S. 1053 (2011). "Rule

4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing" to 4(f)(1) and 4(f)(2) and is not "extraordinary relief" or a "last resort." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (citing *Nuance*, 626 F.3d at 1239). "[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., L.L.C. v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

### 3. This Court Imposes Typical Requirements Before Granting Alternative Service

So long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service. *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (citing *Rio*, 284 F.3d at 1014 (9th Cir. 2002)).

This Court recently conformed its exercise of discretion to the "typical" practices recently described by the Federal Circuit. *Aprese Sys. Texas, LLC v. Audi AG*, No. 6:21-CV-01014-ADA, 2022 WL 891951, at *2 (W.D. Tex. Mar. 25, 2022); *OnePlus*, 2021 WL 4130643, at *3. When exercising its discretion, this Court looks "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means." *OnePlus*, 2021 WL 4130643, at *3; *The Trustees of Purdue Univ. v. STMicroelectronics N.V.et al.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) ("The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve ST-INTL"); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech. Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit

alternative service here where [Plaintiff] has not shown that it has at least made some effort to serve [Defendants] through other means first.").

In special circumstances, the Court will grant leave to effect alternative service without first requiring an attempt to serve defendants through other, conventional means. *OnePlus*, 2021 WL 4130643, at *3 ("To be sure, courts have typically invoked Rule 4(f)(3) only when special circumstances have justified departure from the more conventional means of service."). This consideration guides the exercise of discretion but is not an exhaustion requirement. *Id.* This Court does not intend "to order alternative service in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4. Due to the Federal Circuit's concern, this Court will not invoke "alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *Id.* at *3.

If service under the Hague Convention is required, plaintiffs should make a reasonable effort to attempt service under the Hague Convention before requesting alternative means of service from this Court, except when special circumstances otherwise justify alternative service. Special circumstances that justify alternative service include "when a member state has categorically refused" to effect service. *Nuance*, 626 F.3d at 1238. A court may grant alternative service when war makes service impractical in a member state. *Avus Holdings, LLC, et al., v. Iron Lab*, No. 6:22-cv-00134 (W.D. Tex. Apr. 25, 2022), ECF No. 23 at 4. The Federal Rules of Civil Procedure expressly envisions granting alternative service when a Hague member state takes too long to complete service or in cases of urgency. FED. R. CIV. P. 4 Advisory Committee Note to 1993 Amendment. Courts also grant alternative service when a plaintiff "currently in the process of serving [a defendant] under the Hague Convention" moves to "request alternative service so as

to not further delay this case." *Ackerman v. Glob. Vehicles U.S.A., Inc.*, No. 4:11CV687RWS, 2011 WL 3847427, at *3 (E.D. Mo. Aug. 26, 2011).

> 4. <u>In Texas, Traditional Service on a Foreign Defendant Includes Serving an Authorized Agent or Alter-Ego.</u>

*Fundamental Innovation* held that traditional service on a foreign defendant's U.S. subsidiary is proper if that subsidiary is the foreign defendant's authorized agent or alter ego. 2018 WL 3330022, at *5-6. Texas's long-arm statute should be as extensive as Illinois's long-arm statute. When interpreting the Illinois long-arm statute, *Schlunk* did not require a showing that the foreign defendant is an authorized agent or alter-ego. *Schlunk*, 486 U.S. 694. However, the Fifth Circuit interpreted Texas's long-arm statute post-*Schlunk*:

> [E]ven if a domestic subsidiary is not explicitly authorized by its foreign parent corporation as an agent for service, the subsidiary might still be capable of receiving such service. . . .
> It is therefore necessary to determine whether [the subsidiary] is, as [plaintiff] alleges, a domestic subsidiary of [defendant].
> In determining whether a corporation is a domestic subsidiary, the Second Circuit has held that "the fact that [ ] two companies share substantially the same name, the same counsel at trial and on appeal, and the same Internet site, strongly suggests a connection." Commercial Union Ins. Co., 347 F.3d at 469. In applying a state long-arm statute, the Fifth Circuit made similar findings, holding that "as long as a foreign corporation exercises such control over the domestic subsidiary that the two entities are essentially one, process can be served on a foreign corporation by serving its domestic subsidiary—without sending documents abroad." Sheets v. Yamaha Motors Corp. U.S.A., 891 F.2d 533, 536 (5th Cir.1990).

*Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 570 (5th Cir. 2007).

The Fifth Circuit uses a lower standard test when establishing an alter ego for jurisdictional purposes. *DP Sols., Inc. v. Rollins, Inc.*, 34 F. App'x 150, 2002 WL 494672, at *5 (5th Cir. 2002). When deciding alter ego status, courts examine the totality of the circumstances. *Id.* The alter ego test for jurisdiction is less stringent than that for liability. *Id.* Factors include (1) whether the parent owns 100% of the subsidiary's stock; (2) whether the two corporations maintain separate headquarters; (3) whether the parent and subsidiary share common officers and directors; (4)

whether corporate formalities are observed; (5) whether separate accounting systems are maintained; (6) whether the parent exercises complete authority over general policy; and (7) whether the subsidiary exercises complete authority over daily operations, including research and development, marketing, and supply. *Id.* at *6.

### 5. Constitutional Due Process Considerations

The Due Process Clause requires every method of service to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). When a court authorizes alternate service of process, the plaintiff's request is analyzed through traditional notions of due process, satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *OnePlus*, 2021 WL 2870679, at *3. The due process analysis determines whether traditional notions of fair play and substantial justice have been offended when asserting personal jurisdiction over a defendant. *Id.* Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas's long-arm statute. The Texas long-arm statute is interpreted to reach as far as the federal constitutional requirements of due process will allow. *Id.*

### III. ANALYSIS

This Court has discretion but does not automatically grant leave to effect alternative service in every case. This Court requires parties to either show that they have made a reasonable effort at attempt conventional service or to show that special circumstances justify alternative service. In cases involving a foreign defendant in a Hague Convention member country, the plaintiff should (1) reasonably attempt to follow the Hague Convention before requesting alternative service or (2) show that a special circumstance justifies granting alternative service.

Here, Plaintiff requested alternate service of process by (i) email to domestic counsel at Morgan Lewis who currently represent OnePlus in five other pending patent cases, and by (ii) personal delivery to an authorized agent of OnePlus's domestic subsidiary, OnePlus Global or OnePlus USA Corp. ECF No. 7 at 1.

1. <u>Expense is Not a Special Circumstance That Justifies Alternative Service</u>

Even if a Plaintiff has not attempted conventional service, a Court will still invoke Rule 4(f)(3) when "special circumstances have justified departure from the more conventional means of service." *OnePlus,* 2021 WL 4130643, at *3. Example justifications include war, futility, urgency, and actual delay, but not expected inconvenience.

WSOU argues that the $198,800 expense of alternative service is a special circumstance that justifies alternative service. ECF No. 11-3. The Court rejects this argument.

This Court does not intend "to order alternative service in every case in which more conventional means of service would be merely inconvenient." *OnePlus*, 2021 WL 4130643, at *4. Due to the Federal Circuit's concern, this Court will not invoke "alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *Id.* at *3.

2. <u>Plaintiff Has Made a Reasonable Effort at Conventional Service</u>

WSOU attempted service on Defendant's subsidiary OnePlus Global. ECF No. 11 ("Brazos acted diligently . . . including by . . . attempting to personally serve OnePlus Global (OnePlus's authorized agent"). ECF No. 11 at 3. WSOU represents to this Court: "According to public records, OnePlus Global is OnePlus's authorized agent for service of process in the U.S." *Id.* at 5.

Based on this representation to the Court, the Court finds that Plaintiff reasonably attempted to serve Defendant OnePlus by attempting to serve its authorized agent.  In view of this attempt, the Court grants leave to serve Defendant by alternative means.

3. Due Process

When a court authorizes alternate service of process, the plaintiff's request is analyzed through traditional notions of due process, satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *OnePlus*, 2021 WL 2870679, at *3.

WSOU proposes service by (1) email to OnePlus's current U.S. counsel, and (2) by personal delivery to the authorized agent of OnePlus's U.S. subsidiary, OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 94541 or OnePlus's U.S. subsidiary, OnePlus USA Corp., at 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039.  To ensure the greatest probability of notice, the Court finds that the proposed email notice in combination with delivery to both OnePlus's U.S. subsidiary, OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 94541 **and** OnePlus's U.S. subsidiary, OnePlus USA Corp., at 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039 satisfies due process requirements.

IV. CONCLUSION

**IT IS THEREFORE ORDERED**, pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff may serve Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") by completing all of: (1) emailing OnePlus's current U.S. counsel, Jacob Minne, who is OnePlus's current counsel in five other patent infringement cases before the Court at Jacob.minne@morganlewis.com; (2) personal delivery to OnePlus's U.S. subsidiary, OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 9454; and (3) personal delivery to OnePlus's U.S. subsidiary, OnePlus USA Corp., at 5000 Riverside Dr., Building 5, Suite 300, Irving, Texas 75039.

SIGNED this 9th day of September, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE