**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | |
| **DEVELOPMENT,** | § | |
| | § | Civil Action No. 6:22-cv-00135-ADA |
| *Plaintiffs*, | § | |
| | § | Jury Trial Demanded |
| v. | § | |
| | § | |
| **ONEPLUS TECHNOLOGY** | § | |
| **(SHENZHEN) CO., LTD.,** | § | |
| | § | |
| *Defendant*. | | |

**DEFENDANT'S MOTION TO DISMISS FOR**
**INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................. 1

II.    BACKGROUND ................................................................................................... 2

III.   LEGAL STANDARD ........................................................................................... 5

       A.    The Hague Convention ............................................................................... 6

       B.    Other Provisions and Considerations for Service Abroad ......................... 8

       C.    This Court's Recent Articulation of the Law After the Federal Circuit's
             Decision in *In re: OnePlus Technology (Shenzhen) Co., Ltd.* ................. 9

IV.    ARGUMENT ...................................................................................................... 10

       A.    OnePlus Global Is *In No Way* Affiliated with OnePlus Shenzhen ..................... 10

       B.    WSOU's Other Methods of Service Also Do Not Constitute Reasonable
             Efforts at Conventional Service ............................................................... 11

       C.    This Court Should Reject WSOU's Attempt to Impermissibly Circumvent
             the Hague Convention................................................................................ 14

V.     CONCLUSION................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*In re Auto. Parts Antitrust Litig.*,
  No. 16-CV-04003, 2017 WL 10808851 (E.D. Mich. Nov. 2, 2017).........................................7

*Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*,
  54 F. Supp. 2d 691 (S.D. Tex. 1999) ..............................................................................8, 14

*C & F Sys., LLC v. Limpimax, S.A.*,
  No. 1:09-CV-858, 2010 WL 65200 (W.D. Mich. Jan. 6, 2010)............................................15

*Charles v. Sanchez*,
  No. EP-13-CV-00193-DCG, 2013 WL 12087219 (W.D. Tex. Aug. 5, 2013) .........................7

*Compass Bank v. Katz*,
  287 F.R.D. 392 (S.D. Tex. 2012)...........................................................................................8

*Convergen Energy LLC v. Brooks*,
  No. 20-CV-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020)....................................7

*Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*
  No. 3:17-CV-1827-N, 2018 WL 3330022 (N.D. Tex. Mar. 16, 2018).....................................3

*In re LDK Solar Sec. Litig.*,
  No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008)....................................6

*Medellin v. Texas*,
  552 U.S. 491 (2008)............................................................................................................15

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech. Ltd.*,
  No. 6:20-CV-00876-ADA, 2021 WL 4974040 (W.D. Tex. Oct. 25, 2021).............................9

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950).............................................................................................................5

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987)...............................................................................................................6

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*,
  No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) ......................................9

*Rio Properties, Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ..............................................................................................8

*Sheets v. Yamaha Motors Corp., U.S.A.*,
  891 F.2d 533 (5th Cir. 1990) ........................................................................................6, 7, 14

*Terrestrial Comms LLC v. NEC Corp.*,
No. 6-20-CV-00096-ADA, 2020 WL 3452989 (W.D. Tex. June 24, 2020).......................8, 15

*The Trustees of Purdue Univ. v. STMicroelectronics N.V.*,
No. 6:21-CV-00727-ADA, 2021 WL 5393711 (W.D. Tex. Nov. 18, 2021)............................9

*UNM Rainforest Innovations v. D-Link Corp.*,
No. 6-20-CV-00143-ADA, 2020 WL 3965015 (W.D. Tex. July 13, 2020)......................8, 15

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1998)......................................................................................................7

*WSOU Investments LLC v. Canon, Inc.*,
Case No. 6:20-cv-984, ECF No. 8 (Dec. 3, 2020) ..................................................15

*WSOU Invs. LLC v. Oneplus Tech. (Shenzhen) Co.*,
No. 6:22-CV-00135-ADA, 2022 WL 4126007 (W.D. Tex. Sept. 9, 2022) .......................9, 10

*WSOU Invs., LLC v. ZTE Corp.*,
No. 6:22-CV-00136-ADA, 2022 WL 3108557 (W.D. Tex. Aug. 4, 2022).............2, 12, 13, 15

I.       **<u>INTRODUCTION</u>**

This Court's order granting Plaintiff WSOU Investments LLC d/b/a

Brazos Licensing and Development's ("WSOU") Motion for Leave for Alternative Service on

Defendant OnePlus Shenzhen (Shenzhen) Co., Ltd. ("OnePlus Shenzhen") relied on a

representation made by WSOU that "OnePlus Global is OnePlus [Shenzhen]'s authorized agent

for service of process in the U.S."  ECF No. 14 at 9 (quoting ECF No. 11 (WSOU's Supp. Br.

ISO Mot. for Alternative Service) at 5).  Indeed, WSOU's representation provided the sole basis

for the Court's finding that WSOU "reasonably attempted to serve Defendant OnePlus by

attempting to serve its authorized agent" and thus should be allowed to serve OnePlus Shenzhen

by alternative means.  *Id.* ("In view of this attempt, the Court grants leave to serve Defendant by

alternative means.").

The Court should vacate and reverse this finding because WSOU's representation that

OnePlus Global is OnePlus Shenzhen's authorized agent is **not true**.  OnePlus Global has no

relationship whatsoever with OnePlus Shenzhen or any of its subsidiaries, affiliates, or parent

companies.  And since there has never been any corporate affiliation or business relationship

between OnePlus Shenzhen and OnePlus Global, OnePlus Shenzhen has certainly never

authorized OnePlus Global to act as an agent on its behalf to accept service of process.  There

was—and still is—no basis for WSOU's representation that OnePlus Global is OnePlus

Shenzhen's authorized agent.

Because WSOU's representation concerning OnePlus Global is without basis and untrue,

OnePlus Shenzhen respectfully requests that the Court vacate and reverse its order allowing

WSOU to serve OnePlus Shenzhen through alternative means.  This Court did not find that

WSOU made a reasonable effort at conventional service by any other means.  *See* ECF No. 14 at

9.  Indeed, this Court expressly rejected service on a party's U.S. counsel or on a non-party

subsidiary of the party as a reasonable attempt at conventional service where, as here, neither were authorized by the party to accept service on its behalf. *WSOU Invs., LLC v. ZTE Corp.*, No. 6:22-CV-00136-ADA, 2022 WL 3108557, at *4-6 (W.D. Tex. Aug. 4, 2022).

In addition to vacating and reversing its alternative service order, the Court should dismiss WSOU's complaint for insufficient service of process and lack of personal jurisdiction because WSOU is bound to follow the Hague Convention procedures for serving OnePlus Shenzhen, and WSOU has thus far made no effort to comply with them. The Texas long-arm statute requires process served on a foreign defendant like OnePlus Shenzhen to be sent abroad. This requirement to serve abroad triggers the obligation to comply with the Hague Convention and leaves no room for substituted service under Rule 4(f)(3). Given these clear requirements, with which WSOU has made no effort to comply, there is no basis for allowing any alternative form of service on OnePlus Shenzhen. For all these reasons, WSOU's service attempts should be rejected as insufficient and the case dismissed.

## II.   **BACKGROUND**

On October 14, 2020, WSOU filed five separate actions against OnePlus Shenzhen in this Court. *See* Case Nos. 6-20-cv-00952, -00953, -00956, -00957, -00958. On February 8, 2022, WSOU filed this additional action against OnePlus Shenzhen. ECF No. 1. Instead of serving OnePlus Shenzhen through the mechanisms provided in the Hague Convention, WSOU mailed the complaint directly to OnePlus Shenzhen in China via FedEx. *See* ECF No. 7 at 4 (citing ECF No. 7-6). WSOU also filed a Motion for Leave to Effect Alternative Service on OnePlus Shenzhen (ECF No. 7) through one or more of the following methods: (1) emailing OnePlus's counsel in the first five cases (*id.* at 4, citing ECF No. 7-5); (2) serving OnePlus Shenzhen's indirect subsidiary OnePlus USA in Irving, Texas (*id.*, citing ECF No. 7-7); and (3) serving a completely unrelated but similarly named entity, OnePlus Global, which WSOU asserted

maintains an address at 1295 Martin Luther King Dr., Hayward, CA 94541 (*id.*, citing ECF No. 7-3) and asserted—without any reasonable basis—is both a subsidiary and authorized agent of OnePlus Shenzhen.  Indeed, WSOU submitted only a printout from the California Secretary of State's website stating that OnePlus Global is a registered corporation in California with Geoffrey and Julianna Mululu listed as officers of OnePlus Global, both of whom maintain an address of 1295 Martin Luther King Dr., Hayward, California 94541.  *See* ECF No. 7-3.

The Court denied-in-part WSOU's motion for leave for alternative service, and ordered WSOU to provide supplemental briefing on three issues:

> 1) Whether WSOU's service [of] the complaint on subsidiary OnePlus USA Corp. and unsuccessful attempt to serve the registered agent of OnePlus Global qualify as a reasonable attempt at conventional service;
>
> 2) Whether OnePlus USA Corp. or OnePlus Global are authorized agents for OnePlus or an alter ego of OnePlus;
>
> 3) Whether *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.* correctly interprets Texas's long-arm statute by limiting domestic service of foreign corporations to authorized agents and alter egos.  No. 3:17-CV-1827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018).

ECF 10 at 9-10.

WSOU's supplemental brief (ECF No. 12) baselessly reasserted that OnePlus Global is a subsidiary and registered agent of OnePlus Shenzhen.  *E.g.*, *id.* at 2, 4-5, 12, 13, 16.  In support of WSOU's attempted service on OnePlus Global, WSOU filed an affidavit that a process server was unsuccessful (twice) in serving OnePlus Global at the Hayward, California address.  *See* ECF No. 12-2.  In fact, on the second attempt, the process server attested that the person answering the door at the address indicated: "company unknown at this location."  *Id.*

After WSOU's supplemental briefing, the Court granted WSOU's motion for alternative service.  ECF No. 14 at 1, 10.  The sole basis supporting the Court's finding that WSOU made a reasonable effort at conventional service on OnePlus Shenzhen is provided below:

> WSOU attempted service on Defendant's subsidiary OnePlus Global. ECF No. 11 ("Brazos acted diligently . . . including by . . . attempting to personally serve OnePlus Global (OnePlus's authorized agent"). ECF No. 11 at 3. WSOU represents to this Court: "According to public records, OnePlus Global is OnePlus's authorized agent for service of process in the U.S." *Id.* at 5.
>
> Based on this representation to the Court, the Court finds that Plaintiff reasonably attempted to serve Defendant OnePlus by attempting to serve its authorized agent. In view of this attempt, the Court grants leave to serve Defendant by alternative means."

ECF No. 14 at 9.  In other words, the only articulated basis as to why WSOU made a reasonable effort at conventional service was WSOU's attempted service on a similarly-named, but unrelated entity, OnePlus Global.  The Court subsequently ordered that WSOU could serve OnePlus Shenzhen via alternative service by "completing **all of**" the following:

> (1) emailing OnePlus's current U.S. counsel, Jacob Minne, who is OnePlus's current counsel in five other patent infringement cases before the Court at Jacob.minne@morganlewis.com;
>
> (2) personal delivery to OnePlus's U.S. subsidiary, OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 9454; and
>
> (3) personal delivery to OnePlus's U.S. subsidiary, OnePlus USA Corp., at 5000 Riverside Dr., Building 5, Suite 300, Irving, Texas 75039.

ECF No. 14 at 10 (emphasis added).

But OnePlus Global merely shares a similar name with OnePlus Shenzhen.  It is neither OnePlus Shenzhen's subsidiary nor its authorized agent for receipt of service of process in the United States.  *See* Declaration of Ying Zeng ("Zeng Decl.") ¶¶ 3-6.  Rather, OnePlus Shenzhen has no direct or indirect ownership interest in and is not affiliated with OnePlus Global in any way.  *Id.* ¶ 3.  OnePlus Global is not a parent company, subsidiary, or affiliate of OnePlus Shenzhen, OnePlus Shenzhen's parent company (OnePlus Mobile Communications (Guangdong) Co., Ltd.), or any of their subsidiaries and affiliates, including OnePlus USA Corp. ("OnePlus USA").  *Id.*  OnePlus USA also has no direct or indirect ownership interest in

OnePlus Global and is not affiliated with OnePlus Global in any way. *Id.* ¶¶ 3-5.  The purported owners of OnePlus Global, Geoffrey and Julianna Mululu, have no affiliation with OnePlus Shenzhen, its parent company, or any of their affiliates or subsidiaries. *Id.* ¶ 5.

OnePlus Shenzhen has no authorized agent for the receipt of service of process in the United States. *Id.* at ¶ 6.  OnePlus USA, which is an indirect subsidiary of OnePlus Shenzhen, is not authorized to accept service on behalf of OnePlus Shenzhen. *Id.*  None of OnePlus USA's employees are authorized to accept service on behalf of OnePlus Shenzhen. *Id.*

Because WSOU has not properly served OnePlus Shenzhen, OnePlus Shenzhen files this motion to dismiss for insufficient service of process within two weeks of the issuing of the Court's order.[1]

## III.   **LEGAL STANDARD**

Under Federal Rules of Civil Procedure 12(b)(2) and (5), a defendant may move to dismiss a case for "insufficient service of process" (Rule 12(b)(5)) and the resultant "lack of personal jurisdiction" (Rule 12(b)(2)).  Sufficient service of process requires compliance with (1) fundamental due process, such that the service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S.

---

[1] Counsel for OnePlus Shenzhen in the other pending cases were not, and still are not, authorized to accept service for this case.  The parties agreed that OnePlus Shenzhen would not have to answer the complaint until two weeks after this Court granted WSOU's motion for alternative service.  OnePlus Shenzhen lacks information as to whether WSOU has complied with the Court's Order requiring that WSOU complete **all of** the three methods of service specified in the order.  Specifically, OnePlus Shenzhen is unaware of whether WSOU has personally delivered the required documents on OnePlus Global at 1295 Martin Luther King Dr., Hayward, CA 94541.  OnePlus Shenzhen requested WSOU's position on whether it has complied with the Court's order on September 15 and on September 19, 2022.  WSOU has failed to respond to these inquiries.  Out of an abundance of caution, OnePlus Shenzhen has filed this Motion to Dismiss within two weeks of the Court's order.

306, 314 (1950)), and (2) "the procedural requirement of service of summons" as set forth in

Fed. R. Civ. Proc. 4 and any relevant state rules or treaties (*Omni Capital Int'l v. Rudolf Wolff &*

*Co.*, 484 U.S. 97, 104 (1987)).  Attention to both norms of due process *and* procedural

formalities are separate requirements, each of which must be satisfied before a court can exercise

personal jurisdiction.  *Omni Capital*, 484 U.S. at 104.  The latter point is at issue in this case.

### A.   <u>The Hague Convention</u>

The United States and China are both contracting parties to the Hague Convention.

Article 1 of the Hague Convention provides:

> The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
>
> This Convention shall not apply where the address of the person to be served with the document is not known.

*Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial*

*Matters Nov. 15, 1965*, 20 U.S.T. 361 (Feb. 10, 1969).  Under the Convention, member states

provide a "central authority" responsible for receiving and effecting service from abroad

consistent with domestic policies.  *Id.* at Arts. 2-6.[2]

To determine whether a case creates "an occasion to transmit a judicial … document for

service abroad," the Fifth Circuit directs that "courts are to look to the method of service

prescribed by the internal law of the forum state."  *Sheets v. Yamaha Motors Corp., U.S.A.*, 891

F.2d 533, 536–37 (5th Cir. 1990) (*citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486

---

[2]  Some member nations to the Convention permit parties to continue to freely send service-documents by mail, but this is limited to cases where "the State of destination does not object." 20 U.S.T. 361 Art. 10.  China objects to such service under the Hague Convention.  *See In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *1 (N.D. Cal. June 12, 2008) ("China, however, objected to Article 10 of the Convention").

U.S. 694, 699-706 (1998)).  The Hague Convention is triggered—and "shall apply" (20 U.S.T. 361 at Art. 1)—if the state method of serving process "involves the transmittal of documents abroad."  *Sheets*, 891 F.2d at 537; *see also Schlunk*, 486 U.S. at 706-07 ("[T]he Illinois long-arm statute authorized Schlunk to serve VWAG by substitute service on VWOA … .  Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications.").[3]

Here, Texas's long arm statute provides that an out-of-state business may be served directly to the "person in charge" of the defendant's in-state business branch or via the Texas Secretary of State as agent for service of process. Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043-44 (West).  But in either case, the long arm statute also requires sending documents to the defendant's foreign business address.  *See id.* §§ 17.045(a) ("If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided."), §§ 17.045(c) ("If the person in charge of a nonresident's business is served with process under

[3] This is also consistent with the different procedures for domestic and foreign service under Fed. R. Civ. Proc. 4.  When serving a defendant "[w]ithin a Judicial District of the United States" service can be effected by "following state law for serving a summons" (Fed. R. Civ. Proc. 4(e)(1)), whereas only when an entity is "served at a place not within any judicial district of the of the United States" (Fed. R. Civ. Proc. 4(f)), is the court empowered to allow service "by other means not prohibited by international agreement" ( Fed. R. Civ. Proc. 4(f)(3)).  *See Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 WL 12087219, at *3–4 (W.D. Tex. Aug. 5, 2013) (comparing service under Rule 4(e) and 4(f)); C*onvergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *2, 7 (S.D.N.Y. July 17, 2020) (Rule 4(f)(3) does not permit service on US counsel where service would be effected within the United States); *In re Auto. Parts Antitrust Litig.*, No. 16-CV-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017) ("[T]he plain language of Rule 4(f)(3) limits the Rule to service made outside of the United States.").

Section 17.043, a copy of the process and notice of the service must be immediately mailed to the nonresident or the nonresident's principal place of business."); *Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*, 54 F. Supp. 2d 691, 693 (S.D. Tex. 1999) ("Because Defendant is a foreign resident, notice must be mailed abroad, triggering the requirements of the Hague Convention.").

### B.    Other Provisions and Considerations for Service Abroad

When not preempted, Rule 4(f)(3) also permits the court to direct service abroad "by other means not prohibited by international agreement, as the court orders." The leading case describing application of Rule 4(f)(3) is *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002). Under *Rio*, so long as alternate service is not prohibited by an international agreement, a court can exercise discretion under Rule 4(f)(3) to order service be effected in a foreign country by "other means" where "facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016. But a plaintiff's request to serve by "other means" must specifically "demonstrate why the facts and circumstances of the present case necessitate the district court's intervention." *Compass Bank v. Katz*, 287 F.R.D. 392, 395 n.4 (S.D. Tex. 2012) (internal quotations omitted). "[A] plaintiff should never seek alternative service under Rule 4(f)(3) merely to 'expedite the process and avoid additional costs of service.'" *Id.* (quoting *Baker Hughes Inc. v. Homa*, Civ. No. H-11-3757, 2012 WL 1551727, at *17 (S.D. Tex. Apr. 30, 2012)).

Finally, "even when 'other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.'" *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *4 (W.D. Tex. July 13, 2020) (*quoting Midmark Corp. v. Janak Healthcare Private Ltd.*, No.

3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)); *see also Terrestrial Comms LLC v. NEC Corp.*, No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *2 (W.D. Tex. June 24, 2020) (same).

    **C.**    **This Court's Recent Articulation of the Law After the Federal Circuit's Decision in *In re: OnePlus Technology (Shenzhen) Co., Ltd.***

    "When exercising its discretion, this Court looks to 'whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means.'" *WSOU Invs. LLC v. Oneplus Tech. (Shenzhen) Co.*, No. 6:22-CV-00135-ADA, 2022 WL 4126007, at *3 (W.D. Tex. Sept. 9, 2022) (quoting *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021)); *The Trustees of Purdue Univ. v. STMicroelectronics N.V.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) ("The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve ST-INTL"); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech. Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit alternative service here where [WSOU] has not shown that it has at least made some effort to serve [Defendants] through other means first.").

    Adhering to the Federal Circuit's guidance in *In re: OnePlus Technology (Shenzhen) Co., Ltd.*, this Court has explained that it "does not intend 'to order alternative service in every case in which more conventional means of service would be merely inconvenient.'" *WSOU v. OnePlus*, 2022 WL 4126007 at *3 (quoting *OnePlus*, 2021 WL 4130643 at *4). If service under the Hague Convention is required, the Court has required plaintiffs to make a reasonable effort to attempt service under the Hague Convention before requesting alternative means of service from this Court, except when special circumstances otherwise justify alternative service. *Id.* Special

circumstances that justify alternative service include "when a member state has categorically refused" to effect service. *Id.* (quoting *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)).

## IV.   <u>ARGUMENT</u>

The United States and China are members of the Hague Convention and are bound by its terms. Texas law requires the transmission of documents abroad when a foreign company is sued, and OnePlus Shenzhen is a foreign corporation.  Accordingly, compliance with the Hague Convention is required.  And this Court has required at least a reasonable effort to comply with the Hague Convention before resorting to alternative service.

WSOU's has failed to make such required reasonable efforts. Indeed, there is no evidence it attempted to abide by the Hague Convention.  Instead it has only attempted service on: (1) counsel who is not authorized to accept service for the purposes of this case; (2) OnePlus Shenzhen's indirect subsidiary OnePlus USA who is not authorized to accept service on behalf of OnePlus Shenzhen; and (3) OnePlus Global who has no direct or indirect relationship or affiliation with OnePlus Shenzhen.  This is insufficient service of process.  As such, the Court should grant OnePlus Shenzhen's motion to dismiss for insufficient service of process and lack of personal jurisdiction.

### A.   <u>OnePlus Global Is *In No Way* Affiliated with OnePlus Shenzhen</u>

The Court Order's sole reason for finding that WSOU made a reasonable effort at conventional service was because WSOU attempted service on OnePlus Global, which WSOU (wrongly) represented is OnePlus Shenzhen's subsidiary and authorized agent for receipt of service of process.  ECF No. 14 at 9 (citing ECF No. 11 at 3, 5).  But, as explained above, OnePlus Global is in no way associated with OnePlus Shenzhen, its affiliates, subsidiaries, or parent companies.  *See* Zeng Decl. ¶¶ 3-5.  As an entirely unrelated entity, OnePlus Global has

never been authorized to accept service on behalf of OnePlus Shenzhen.[4]  *See id.*

Nothing in the evidence submitted demonstrates that OnePlus Global is associated with OnePlus Shenzhen.  Nor could it.  WSOU's submission from California's Secretary of State's website makes no mention of OnePlus Shenzhen.  *See* ECF No. 7-3.  WSOU's submitted proof of service states that service was twice unsuccessful and that the person answering the door at the Hayward, California address asserted that the "company [OnePlus Shenzhen was] unknown at this location."[5]  ECF No. 12-2.

Because OnePlus Global has no affiliation with OnePlus Shenzhen or any of OnePlus's Shenzhen's affiliates or subsidiaries, WSOU's attempted service on OnePlus Global does not constitute, and is irrelevant to, WSOU's purportedly reasonable effort(s) at conventional service on OnePlus Shenzhen.  Moreover, because WSOU's attempted service on OnePlus Global was the Court's sole basis for finding that WSOU has made a reasonable effort at conventional service (ECF No. 14 at 9), the case must be dismissed for insufficient service of process and lack of personal jurisdiction.

**B.**     **WSOU's Other Methods of Service Also Do Not Constitute Reasonable Efforts at Conventional Service**

As noted above, WSOU's proposed and attempted efforts at alternative service included emailing counsel for OnePlus Shenzhen in the other five pending patent cases between WSOU and OnePlus Shenzhen, and serving OnePlus USA and OnePlus Global.  *See* ECF No. 7 at 4.

---

[4] OnePlus Shenzhen alerted WSOU that OnePlus Global has no relationship to OnePlus Shenzhen on September 15, 2022, and requested that WSOU inform this Court of WSOU's factual misrepresentations.  WSOU has not responded to OnePlus's email.

[5] According to a Google maps search, the Hayward, California address WSOU identifies appears to be a residential condominium or townhouse complex.  It is unreasonable for WSOU to believe and to have represented to this Court that OnePlus Shenzhen—which WSOU has labeled as "a billion-dollar global company" (ECF 7 at 2)—would have its subsidiary and lone authorized agent for service of process in the United States located at a residential address.

WSOU also directly mailed the complaint to OnePlus Shenzhen in China.  *Id.*  None of these service attempts constitute a reasonable effort.

 *First,* WSOU's attempted service on OnePlus's counsel in the other five cases (via emailing jacob.minne@morganlewis.com) is an ineffective and unreasonable effort at conventional service because neither Mr. Minne nor any other counsel for OnePlus Shenzhen in the other five cases are authorized to accept service with respect to this sixth case.  WSOU's Motion for Leave for Alternative Service acknowledged as much.  ECF No. 7 at 4 (citing ECF No. 7-5 ("We are not authorized by [OnePlus Technology (Shenzhen) Co., Ltd.] to accept service in this matter.").  This Court recently confirmed that service on counsel that is not authorized to accept service is not a form of conventional service.  *WSOU v. ZTE*, 2022 WL 3108557, at *4 ("Although this counsel represents ZTE in other cases, this counsel does not represent ZTE in this case. … Emailing counsel who do not represent a defendant in the case is not a form of conventional service, so attempting this form of service is not a reasonable attempt at conventional service.").

 *Second,* WSOU's attempted service on OnePlus USA, OnePlus Shenzhen's indirect subsidiary, is also an unacceptable and unreasonable attempt at conventional service.  OnePlus Shenzhen has not authorized OnePlus USA or any of its employees to accept service of process on behalf of OnePlus Shenzhen.  Zeng Decl. ¶ 6.  And WSOU has never articulated any theory or explanation as to how OnePlus USA is an alter ego of OnePlus Shenzhen, much less offered any evidence supporting such an assertion.  Indeed, this Court has recently confirmed that service on a foreign entity's domestic subsidiary that is not authorized to accept service does not constitute a form of conventional service.  *WSOU v. ZTE*, 2022 WL 3108557, at *4 ("In Texas, indirect service of process upon a foreign defendant by serving its domestic subsidiary is proper

if the defendant has actually authorized the subsidiary to accept service of process on its behalf or if the domestic subsidiary is an alter ego of the parent. … Thus, serving the non-party subsidiary ZTE USA is not a form of conventional service when ZTE USA is not an alter ego of ZTE and when ZTE has not authorized ZTE USA to accept service.  Attempting this form of service is not a reasonable attempt at conventional service.") (citing *Fundamental Innovation*, 2018 WL 3330022, at *3).

*Finally*, WSOU's attempted service on OnePlus Shenzhen by mailing the Complaint to OnePlus Shenzhen in China fails.  As this Court recently explained, "[t]o properly serve a foreign defendant from a country that is a member of the Hague Convention, a plaintiff must ask the defendant state's established central authority to serve documents by the prescribed methods of that state." *WSOU v. ZTE*, 2022 WL 3108557, at *4 (quoting *Schlunk*, 486 U.S. at 698-99); *see id.* ("The primary innovation of the [Hague] Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries.") (quoting *Schlunk*, 486 U.S. at 698).  Mailing the Complaint directly to OnePlus Shenzhen avoids conforming with the Hague Convention.  *See id.* (this Court finding same for ZTE).  Thus, directly mailing the Complaint to OnePlus Shenzhen does not qualify as a form of conventional Hague service, and attempting this form of service is not a reasonable attempt at conventional service.  *See id.* (this Court finding same for ZTE).

None of WSOU's attempted alternative methods constitute reasonable efforts at conventional service.  Moreover, there are no special circumstances that justify alternative service because WSOU did not even attempt service via the Hague Convention.  *See* ECF No. 14 at 9 (Court rejecting WSOU's claims of special circumstances existing in this case).

13

**C.**     **This Court Should Reject WSOU's Attempt to Impermissibly Circumvent the Hague Convention**

*1.*     *Service Is Procedurally Ineffective Due To Failure To Follow The Hague Convention*

Compliance with the Hague Convention is mandatory because the text of the treaty provides that it "shall apply" when there is "occasion" to serve documents abroad. 20 U.S.T. 361 at Art. 1.  As discussed above, such an occasion has arisen in this case because, according to the Complaint, WSOU has sued a defendant located in China (ECF No. 1 ¶ 2) in a Texas court, and the Texas long-arm statute expressly requires transmittal of documents abroad.  Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043-45 (West); *Sheets*, 891 F.2d at 536-37 (5th Cir. 1990); *Bayoil Supply*, 54 F. Supp. 2d at 693.

Rule 4(f)(3) does not override these requirements because it only applies when alternative forms of service are "not prohibited by international agreement."  Fed. R. Civ. Proc. 4(f)(3).  But through repeated use of imperative language—"shall" and "will" instead of "may" and "could"—the Hague Convention establishes a mandatory framework for service between member nations that prohibits alternatives.

While the Hague Convention itself provides some limited exceptions to its applicability, none of those exceptions apply here.  Specifically, the Convention "shall not apply where the address of the person to be served with the document is not known."  20 U.S.T. 361 at Art. 1. Here, WSOU knows OnePlus Shenzhen's address.  *See* ECF No. 7 at 4 (citing ECF No. 7-6). WSOU has made no effort to serve via the Convention, much less "every reasonable effort" as required under the treaty.  20 U.S.T. 361 at Art. 15.  Finally, "[i]n case of urgency," a judge may also enter "any provisional or protective measures" before Hague Convention service is perfected.  *Id.*  But neither WSOU's Complaint, nor its motions for alternative service, evinces any such urgency.  Accordingly, WSOU's application of alternative service under Rule 4(f)(3) is

14

improper in this case and service to date is ineffective.

2.    *WSOU's Habitual Attempts To Abrogate The Hague Convention Undermines International Comity*

Many courts have observed that "even when 'other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.'" *Terrestrial Comms*, 2020 WL 3452989, at *2 (quoting *Midmark*, 2014 WL 1764704, at *2; *UNM Rainforest Innovations*, 2020 WL 3965015, at *2 (same); *C & F Sys., LLC v. Limpimax, S.A.*, No. 1:09-CV-858, 2010 WL 65200, at *2 (W.D. Mich. Jan. 6, 2010) (same).

The Hague treaty was drafted such that the nation signatories could opt for more or less freedom in process of judicial documents, *i.e.*, by objecting to some types of service under Article 10.  20 U.S.T. 361.  Bypassing those expectations fundamentally weakens the treaty's ability to regulate the conduct of its signatories, thereby ultimately weakening the treaty itself. *See Medellin v. Texas*, 552 U.S. 491, 505 (2008).

This concern is not isolated to this case alone. WSOU is a prolific plaintiff, filing over 200 district court cases since it began litigating in March 2020.  WSOU is turning to an improper and unjustified invocation of Rule 4(f)(3), having requested permission to effect alternate service in many cases.  This Court recently rejected WSOU's request for alternative service in a similar situation to the one here in WSOU's suit against ZTE.  *See WSOU v. ZTE*, 2022 WL 3108557, at *4.  Such requests for alternative service are not limited to actions against Chinese companies. *See, e.g., WSOU Investments LLC v. Canon, Inc.*, Case No. 6:20-cv-984, ECF No. 8, (Motion for Leave to Effect Alternative Service) (Dec. 3, 2020) (seeking alternate service on a Japanese corporation).  Allowing WSOU to use a perceived loophole in the Federal Rules of Civil Procedure undermines the Hague Convention and flouts its mutual protections put in place for

15

the benefits not only of foreign defendants sued in the United States, but for United States companies who are sued in foreign jurisdictions.

## V.  <u>**CONCLUSION**</u>

For the foregoing reasons, the Court should vacate and reverse its prior order allowing WSOU to serve OnePlus Shenzhen by alternative means, including through personal service on OnePlus Global, an entity that has no relationship with OnePlus Shenzhen.  Further, because WSOU is bound to follow the Hague Convention procedures for serving OnePlus Shenzhen but has not yet made any attempt to comply with those procedures, OnePlus Shenzhen's motion to dismiss for insufficient service of process and lack of personal jurisdiction should be granted.

Dated: September 23, 2022

/s/ Ahren C. Hsu-Hoffman
Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
Ahren.hsu-hoffman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
T: 650.843.4000
F: 650.843.4001

Elizabeth M. Chiaviello
Texas Bar. No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
T: 214.466.4000
F: 214.466.4001

***Attorneys for Defendant OnePlus
Technology (Shenzhen) Co. Ltd.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on September 23, 2022, a true and correct copy of the foregoing document was served electronically on counsel of record via the Court's CM/ECF system per Local Rule CV-5.

*/s/ Ahren C. Hsu-Hoffman*
Ahren C. Hsu-Hoffman
