IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| | § | Civil Action No. 6:22-cv-00135-ADA |
| Plaintiff, | § § | |
| | § | **PUBLIC VERSION** |
| v. | § § | |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR
INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................. 1

II.    RELEVANT FACTS ........................................................................... 2

    A.    The Parties ............................................................................. 2

    B.    This Court Authorized The Same Alternative Service In Five Other Cases Involving Brazos And OnePlus ................................................ 3

    C.    The Federal Circuit Affirmed This Court's Order Authorizing Alternative Service On OnePlus In All Five Cases ................................. 4

    D.    Brazos Filed A New Case Against OnePlus And Attempted The Same Service On OnePlus As In The Other Five Cases .................................. 4

    E.    OnePlus's Counsel (Who Represents OnePlus In The Other Five Cases Pending Before This Court And Received Notice Of This Case) ████████████████████████████████████████ ████████████████████ ................................................. 6

    F.    Brazos Submitted Supplemental Briefing On The Alternative Service Motion Per The Court's Request And Served Its Papers On OnePlus's Counsel ................................................................................. 6

    G.    The Court Authorized Alternative Service On OnePlus In The New Case ............ 7

    H.    Brazos Served OnePlus Pursuant To The Alternative Service Order .................... 7

III.    LEGAL STANDARD ........................................................................... 8

    A.    Motion to Dismiss ..................................................................... 8

    B.    Motion For Leave To Effect Alternative Service ................................... 8

IV.    ARGUMENT ...................................................................................... 10

    A.    OnePlus's Motion to Dismiss Seeking To Relitigate The Court's Alternative Service Order Is Procedurally Defective ............................ 10

    B.    The Court Correctly Authorized Alternative Service On OnePlus Consistent With The Binding Precedent ............................................ 12

C.    The Court Correctly Authorized Alternative Service Because Brazos Made A Reasonable Attempt At Conventional Service And Demonstrated Special Circumstances Warranting Alternative Service ........................................ 13

    1.    Brazos Made A Reasonable Attempt At Conventional Service .............. 14

    2.    OnePlus's Bad-Faith Acts Constitute Special Circumstances Warranting Alternative Service ................................................................ 15

V.    CONCLUSION ............................................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980)................................................................................................13

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
    447 F.3d 411 (5th Cir. 2006) .............................................................................15

*Budri v. FirstFleet, Inc.*,
    860 F. App'x 306 (5th Cir. 2021) ......................................................................11

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*,
    No. 19-CV-05784-VKD, 2019 WL 5550039 (N.D. Cal. Oct. 28, 2019) ..............16

*DP Solutions, Inc. v. Rollins, Inc.*,
    34 F. App'x 150, 2002 WL 494672 (5th Cir. 2002) .............................................14

*Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*,
    434 F.3d 320 (5th Cir. 2005) .............................................................................13

*Marlabs Inc. v. Jakher*,
    No. 07-cv-074074 (DMC)(MF), 2010 WL 1644041 (D.N.J. Apr. 22, 2010).........16

*Microsoft Corp. v. Buy More, Inc.*,
    703 F. App'x 476 (9th Cir. 2017) ......................................................................16

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)..............................................................................................8

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010)...................................................................8, 9, 10

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*,
    No. 2021-165, 2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) ....................2, 8, 9, 12

*In re Rodriguez*,
    695 F.3d 360 (5th Cir. 2012) .............................................................................11

*Saturn v. Barnett*,
    A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016) ......................11

*Templet v. HydroChem Inc.*,
    367 F.3d 473 (5th Cir. 2004) .............................................................................12

*In re TFT–LCD (Flat Panel) Antitrust Litig.*,
    No. M 07–1827 SI, 2010 WL 1337743 (N.D. Cal. Apr. 2, 2010) ..........................................16

*The Richards Group, Inc. v.Brock*,
    No. 3:06-CV-0799-D, 2007 WL 700896 (N.D. Tex. Mar. 7, 2007).......................................15

*United States v. Jon-T Chems., Inc.*,
    768 F.2d 686 (5th Cir. 1985) .................................................................................................15

*United States v. Mtaza*,
    No. 19-20280, 2021 WL 911959 (5th Cir. Mar. 9, 2021).......................................................12

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988)...........................................................................................................9, 18

*Wellogix, Inc. v. Accenture, LLP*,
    788 F. Supp. 2d 523 (S.D. Tex. 2011) ..................................................................................13

*WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,
    No. 6-20-CV-00952-ADA, 2021 WL 2870679 (W.D. Tex. July 8, 2021).................1, 8, 9, 12

*WSOU Invs., LLC v. ZTE Corp.*,
    No. 6:22-CV-00136-ADA, 2022 WL 3108557 (W.D. Tex. Aug. 4, 2022)................14, 16, 17

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") submits this opposition to Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s ("OnePlus") motion to dismiss for insufficient service of process and lack of personal jurisdiction ("Motion").

## I.   INTRODUCTION

OnePlus's Motion is procedurally defective and baseless.

First, the Motion is a belated objection to Brazos's service on OnePlus and a specious attempt to relitigate the Court's September 9, 2022 order authorizing alternative service (the "Order") under the guise of a motion to dismiss. OnePlus was fully aware of Brazos's alternative service motion and related briefing but squarely failed to make a limited appearance to object to service. Instead, OnePlus waited strategically ████████████████████████████████ ███████ After the Order was issued, OnePlus's counsel finally appeared in this case to file a substantive motion (and not to object to service). Yet, in the Motion, instead of satisfying its burden of proof that the Complaint should be dismissed as a matter of law, OnePlus repeatedly requests that the Court "vacate and reverse" its finding on alternative service (Mot. at 1, 16). If OnePlus wanted to relitigate the Order, it should have done so through a Rule 59(e) motion to alter or amend a judgment. OnePlus's Motion is thus procedurally defective.

Even if the Court is willing to convert OnePlus's motion to dismiss into a motion for reconsideration, OnePlus still loses. To meet the Rule 59(e) standard, OnePlus has to raise a new issue of law or fact. But here, there is no question that OnePlus has always known the identity of its own authorized agent, so bringing this known fact years later does not meet the standard.

Second, OnePlus's motion to dismiss is baseless. This Court and the Federal Circuit already approved alternative service on OnePlus in *five* other cases under the same circumstances as here when Brazos demonstrated reasonable attempts to serve OnePlus by emailing the same U.S. counsel and personally serving OnePlus Global. *See WSOU Invs. LLC v. OnePlus Tech.*

*(Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL 2870679, at *2, 3-5 (W.D. Tex. July 8, 2021)*; In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *2-3 (Fed. Cir. Sept. 10, 2021).  OnePlus does not deny this fact and fails to explain why its exhaustive briefing (spanning approximately *two years*) repeatedly failed to bring to the attention of Brazos, this Court and the Federal Circuit the alleged fact that OnePlus Global is not OnePlus's authorized agent.  Because OnePlus failed to raise this fact in OnePlus's possession, OnePlus has waived its right to assert any arguments in that regard.

Third, Brazos showed reasonable attempts at conventional service by:  (i) emailing OnePlus's U.S. counsel who represents OnePlus for the purposes of settling this case and attacking Brazos's complaint by filing a motion to dismiss; (ii) personally serving OnePlus's apparent jurisdictional alter ego, OnePlus USA; and (iii) personally serving what Brazos believed – by no fault of its own – was OnePlus's authorized agent, OnePlus Global.

Fourth, Brazos demonstrates here special circumstances warranting alternative service by submitting clear evidence of OnePlus's bad acts including that OnePlus:  (i) was fully aware of Brazos's complaint and alternative service filings but failed to object to service and correct the record as to its relationship with OnePlus Global; (ii) filed a procedurally defective Motion; and (iii) made frivolous arguments that have been repeatedly rejected by this Court and the Federal Circuit.

Accordingly, the Motion should be denied.

## II.    RELEVANT FACTS

### A.    The Parties

Plaintiff Brazos is a Delaware limited liability corporation with a principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.  Dkt. 1 at ¶ 1.

Defendant OnePlus is a Chinese corporation with a principal place of business located at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong, 518040, China.  Dkt. 1 at ¶ 2.

OnePlus is a billion-dollar global company and has been named as a defendant in 23 cases in the last three years alone in Texas.  Ex. A.[1]

OnePlus's alleged subsidiary, OnePlus Global, maintains a U.S. presence and registered agent at 1295 Martin Luther King Dr., Hayward, CA 94541.  Ex. B.

OnePlus's U.S. subsidiary, OnePlus USA Corp., maintains a U.S. presence and registered agent at 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039.  Ex. C.

### B.    This Court Authorized The Same Alternative Service In Five Other Cases Involving Brazos And OnePlus

On October 14, 2020, Brazos filed five patent infringement actions against OnePlus including Case Nos.: 6:20-cv-00952-ADA, 6:20-cv-00953-ADA, 6:20-cv-00956-ADA, 6:20-cv-00957-ADA and 6:20-cv-00958-ADA.

On December 14, 2020, this Court granted Brazos's individual motions for leave to effect alternative service on OnePlus in all five cases pursuant to Rule 4(f)(3), authorizing Brazos to serve OnePlus by:  (i) email to OnePlus's last known U.S. counsel; and (ii) personal delivery to OnePlus Global, 1295 Martin Luther King Dr., Hayward, CA 94541 ("December 14 Order").  *See e.g.*, Case No. 6:20-cv-00952-ADA, Text Order, dated December 14, 2020.  Brazos then served OnePlus in accordance with the December 14 Order.  *See, e.g.*, Case No.: 6:20-cv-00952-ADA, Dkt. 11.

---

[1]  "Ex. __" refers to the Exhibits to the Declaration of Jonathan K. Waldrop ("Waldrop Decl.") filed concurrently herewith.

On February 26, 2021, OnePlus filed individual motions to dismiss for insufficiency of service of process and lack of personal jurisdiction in all five cases, ignoring the December 14 Order and arguing that Brazos's service was procedurally defective due to failure to follow the Hague Convention. *See, e.g.*, Case No.: 6:20-cv-00952-ADA, Dkt. 21.

Critically, in its motions to dismiss, OnePlus did not deny that OnePlus Global was affiliated with OnePlus or that serving OnePlus Global did not put OnePlus on notice of the case. *See id.*

On July 8, 2021, this Court denied OnePlus's motion to dismiss for insufficient service of process and lack of personal jurisdiction ("July 8 Order"). *See, e.g.*, Case No. 6:20-cv-00952-ADA, Dkt. 27.

**C.     The Federal Circuit Affirmed This Court's Order Authorizing Alternative Service On OnePlus In All Five Cases**

On July 30, 2021, OnePlus filed a mandamus petition with the Federal Circuit to compel this Court to vacate its July 8 Order. Fed. Cir. Case No. 2021-165, Dkt. 2.

In its mandamus petition, OnePlus did not deny that OnePlus Global was OnePlus's authorized agent and did not correct the record. *See* Mandamus Petition [Case No. 21-165, Dkt. 2-1] at 10.

On September 10, 2021, the Federal Circuit affirmed the July 8 Order, approving each method of alternative service on OnePlus. *Id.*, Dkt. 20.

**D.     Brazos Filed A New Case Against OnePlus And Attempted The Same Service On OnePlus As In The Other Five Cases**

On February 8, 2022, Brazos filed another patent infringement action against OnePlus. Case No. 6:22-cv-00135-ADA, Dkt. 1.

To avoid the significant burden of serving under the Hague Convention and preserve valuable resources in light of OnePlus's U.S. presence, on February 9, 2022, Brazos's counsel,

Mark   Siegmund,   emailed   OnePlus's   U.S.   counsel,   Jacob   Minne   (at jacob.minne@morganlewis.com) asking him to accept service of the complaint in the new action. Ex. D.

On February 11, 2022, the Court issued a summons on OnePlus c/o OnePlus USA Corp., Wayne Zhao, 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039.  Dkt. 5.

OnePlus's counsel, Mr. Minne, responded five days after receiving the new complaint on February 14, 2022.  Despite currently representing OnePlus in all five aforementioned patent infringement cases and actively litigating on OnePlus's behalf before this Court for approximately two years, Mr. Minne refused to accept service stating that he was not authorized to do so.  Ex. D.

On February 16, 2022, Brazos mailed the complaint to OnePlus in China.  Ex. E.

On February 17, 2022, Brazos served the complaint on the registered agent of OnePlus's U.S. subsidiary (OnePlus USA Corp.), Wayne Zhao, at 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039.  Ex. F.

In an attempt to provide additional notice, on February 23, 2022, and again on February 24, 2022, Brazos unsuccessfully attempted service on OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 94541 (the same address as in the other five cases).

Notably, Brazos relied on OnePlus's briefs in the other five cases when continuing to serve OnePlus Global as OnePlus's authorized agent.  Because OnePlus had multiple opportunities to object to the characterization of OnePlus's affiliation with OnePlus Global but failed to do so, Brazos had no reason to believe OnePlus Global was not OnePlus's authorized agent.

On February 25, 2022, Brazos filed a motion for leave to effect alterative service on OnePlus.  Dkt. 7.

**E.     OnePlus's Counsel (Who Represents OnePlus In The Other Five Cases Pending Before This Court And Received Notice Of This Case)** ███████

███████████████████████ ████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████

████████████████████████████████

█████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████

Once again, critically, OnePlus did not deny that OnePlus Global was OnePlus's authorized agent.

**F.     Brazos Submitted Supplemental Briefing On The Alternative Service Motion Per The Court's Request And Served Its Papers On OnePlus's Counsel**

On August 19, 2022, the Court issued an order denying Brazos' order in part, but requesting supplemental briefing.  Dkt. 10.  On August 26, 2022, Brazos filed its supplemental brief on alternative service pursuant to the Court's order.  Dkt. 11 at 5.

Brazos emailed its supplemental brief to OnePlus's counsel, Jacob Minne, immediately after the filing.  Ex. H. Mr. Minne did not respond to Brazos's service email and did not file an opposition to Brazos's supplemental brief.  Critically, OnePlus did not deny that OnePlus Global was OnePlus's authorized agent.

### G.      The Court Authorized Alternative Service On OnePlus In The New Case

On September 9, 2022, the Court issued an order authorizing alternative service on OnePlus under Rule 4(f)(3) (which gives the Court broad discretion to approve any alternative service not prohibited by international agreement) by:  (i) emailing OnePlus's U.S. counsel; (ii) personally serving OnePlus USA; and (iii) personally serving OnePlus Global.

In its order, the Court found, among other things, that:  (1) Brazos would satisfy the due process requirements upon emailing OnePlus's U.S. counsel and personally serving OnePlus USA and OnePlus Global (Order at 10), which Brazos has done; (2) the Federal Rules of Civil Procedure did not require Brazos to attempt a Hague service before seeking leave for alternative service (Order at 4-5); and (3) Brazos made a reasonable attempt at conventional service by attempting to serve OnePlus Global (Order at 9).

### H.      Brazos Served OnePlus Pursuant To The Alternative Service Order

Brazos completed service pursuant to the Court's September 9, 2022 Order.

On September 21, 2022, Brazos served the complaint on the registered agent of OnePlus's U.S. subsidiary (OnePlus USA Corp.), Wayne Zhao, at 5000 Riverside Dr., Building 5, Suite 300, Irving, TX 75039.  Ex. I.

On September 23, 2022, Brazos served the complaint on OnePlus Global, at 1295 Martin Luther King Dr., Hayward, CA 94541 (the same address as in the other five cases).  Ex. J.

On September 23, 2022, OnePlus filed a motion to dismiss asserting for the first time in two years that OnePlus Global was not affiliated with OnePlus, and asking the Court to "vacate and reverse" the alternative service Order.  Mot. at 1, 16.

### III.    LEGAL STANDARD

#### A.    Motion to Dismiss

To prevail on a motion to dismiss, OnePlus must demonstrate that Brazos's Complaint fails as a matter of law under Rule 12(b)(2) and 12(b)(5) for insufficient service of process and resulting lack of personal jurisdiction because service on OnePlus was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

However, as demonstrated below, this Court already found that service on OnePlus by emailing OnePlus's U.S. counsel and personally serving OnePlus's U.S. subsidiary and U.S. authorized agent (which Brazos has already done) satisfies the due process requirements.  Order at 10.

#### B.    Motion For Leave To Effect Alternative Service

Rule 4(f)(3) gives district courts the broad discretionary authority to order alternative service on foreign defendants.  *See In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *2-3 (Fed. Cir. Sept. 10, 2021) (serving a foreign defendant's U.S. counsel or U.S. subsidiary as an alternative to service under the Hague Convention is proper and sufficient); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238-39 (Fed. Cir. 2010) (same); *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,  2021 WL 2870679, at *2, 3-5 (same).

Indeed, Rule 4(f) provides as follows:

> (f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice …; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

As such, Rule 4(f)(3) permits a party to use an alternative method of service if the party: (1) obtains permission of the court; and (2) the method is not otherwise prohibited by any international agreement, including the Hague Convention.  *See* Fed. R. Civ. P. 4(f)(3); *In re OnePlus*, 2021 WL 4130643, at *2-3, *Nuance*, 626 F.3d at 1237.

Importantly, service on a foreign defendant pursuant to the Hague Convention is not required under Rule 4(f) if the foreign defendant can be served under state law without transmitting documents abroad.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988); *In re OnePlus*, 2021 WL 4130643, at *3; *Nuance*, 626 F.3d at 1239.  Indeed, the Federal Circuit acknowledged that Rule 4(f)(3) is not dominated by Rule 4(f)'s other subsections (including Rule 4(f)(1) for service under the Hague Convention) and explicitly stated that Rule 4(f)(3) "stands independently, on equal footing."  *In re OnePlus*, 2021 WL 4130643, at *3 (citing *Nuance*, 626 F.3d at 1239).  And this Court made it clear in the Order that the Federal Rules of Civil Procedure do not require a plaintiff to attempt service under the Hague Convention before seeking alternative service.  Order at 4-5.

The Court also held that alternative service should comply with the constitutional due process and the Texas long-arm statute.  *See OnePlus*, 2021 WL 2870679, at *2-3.  The Texas long-arm statute is interpreted "to reach as far as the federal constitutional requirements of due process will allow."  *Id*.  And the Court acknowledged that all the due process clause requires is

9

that every method of service provides notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objection.  Order at 8.

Notably, the Federal Circuit (just like this Court) has approved multiple alternative methods of service under Rule 4(f)(3), including substituted service on U.S. entities and subsidiaries representing foreign defendants, email service, mail service at the U.S. office of a defendant's international courier and U.S. counsel, and personal service of process at the U.S. office of a foreign company.  *Nuance*, 626 F.3d at 1239.

As demonstrated below, the alternative service on OnePlus meets the legal standard and was properly authorized.

## IV.   ARGUMENT

### A.   OnePlus's Motion to Dismiss Seeking To Relitigate The Court's Alternative Service Order Is Procedurally Defective

This Court correctly found that service on OnePlus here by emailing OnePlus's U.S. counsel and personally serving OnePlus USA and OnePlus Global (which Brazos has already done) satisfies the due process requirements, as OnePlus was given notice of this case and the opportunity to object.  Order at 10.  In fact, the record is clear that OnePlus has known about this case and all case filings since Brazos filed the Complaint.  *See* Exs. D-G.  OnePlus fails to assert otherwise in the Motion.  As such, OnePlus plainly failed to meet the motion to dismiss standard.

 Being unable to show lack of proper notice or opportunity to object, OnePlus attempts to relitigate the Court's alternative service Order under the guise of a motion to dismiss.  But OnePlus did not take its opportunity to object to the alleged improper service and failed to oppose Brazos's supplemental brief on alternative service despite being given ample notice of it.  Instead, OnePlus waited strategically ████████████████████████████████████████

After the Order was issued, OnePlus's counsel finally appeared in this case to file a substantive motion, and not to make a limited appearance for service objection purposes. Yet, in the Motion, instead of satisfying its burden of proof that the Complaint should be dismissed as a matter of law, OnePlus repeatedly requests that the Court "vacate and reverse" its finding on alternative service (Mot. at 1, 16). If OnePlus wanted to relitigate the Order, it should have done so through a Rule 59(e) motion to alter or amend a judgment.

Moreover, the issues OnePlus raises in the Motion were already considered and decided by the Court, so the Motion is moot and should be denied on this ground alone. *See Saturn v. Barnett*, A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016), *report and recommendation adopted*, No. 1:16-CV-00505-LY, 2017 WL 9850919 (W.D. Tex. Jan. 12, 2017) (finding an insufficiency of process argument moot after defendant was successfully served pursuant to the Court's order).

Even if the Court is willing to convert OnePlus's motion to dismiss into a motion for reconsideration, OnePlus still loses. First, OnePlus has failed to meet the Rule 59(e) standard by raising a new issue of law or fact as OnePlus has known for years the identity of its authorized agent but failed to correct the record or otherwise advise Brazos, this Court and the Federal Circuit that OnePlus Global is not OnePlus's authorized agent. *See Budri v. FirstFleet, Inc.*, 860 F. App'x 306, 309 (5th Cir. 2021) (denying motion for reconsideration when movant sought "to advance new arguments and claims that could have been previously offered"); *In re Rodriguez*, 695 F.3d 360, 372 (5th Cir. 2012) (where plaintiff had over a month to notify the court of evidence before the court issued its order, such evidence did not constitute newly discovered evidence compelling Rule 59(e) relief). Second, OnePlus has failed to show extraordinary circumstances required to win a motion for reconsideration, especially given that the fact at issue has been in OnePlus's

11

possession for years.  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (holding

that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used

sparingly" and refusing to reverse a district court's rejection of a Rule 59(e) motion when "the

underlying facts were well within the [plaintiffs'] knowledge prior to the district court's entry of

judgment"); *United States v. Mtaza*, No. 19-20280, 2021 WL 911959 (5th Cir. Mar. 9, 2021)

(denying motion for reconsideration where movant "failed to meet [the] high bar" of a motion for

reconsideration).

In sum, OnePlus failed to meet the motion for reconsideration standard, and everything

OnePlus complains about in the Motion is of its own doing.  OnePlus should not be allowed to

blame Brazos or the Court for its own failure to object to Brazos's characterization of OnePlus

Global and correct the record.

Accordingly, the Motion is procedurally defective and should be denied.

**B.    The Court Correctly Authorized Alternative Service On OnePlus Consistent
       With The Binding Precedent**

This Court correctly authorized alternative service on OnePlus.  And there is no question

that the Court's Order is consistent with the binding precedents.  In fact, the Federal Circuit already

approved alternative service on OnePlus in ***five*** other cases under the same circumstances as here

when Brazos demonstrated reasonable attempts to serve OnePlus by emailing the same U.S.

counsel and personally serving OnePlus Global.  *See WSOU Invs. LLC v. OnePlus Tech.

(Shenzhen) Co.*, 2021 WL 2870679, at *2, 3-5*; In re OnePlus*, 2021 WL 4130643, at *2-3.

OnePlus does not deny this fact and fails to explain why its exhaustive briefing (spanning

approximately ***two years***) repeatedly failed to bring to the attention of Brazos, this Court and the

Federal Circuit the alleged fact that OnePlus Global is not OnePlus's authorized agent.  It is simply

inconceivable that, despite directly contesting Brazos's service attempts for two years in five other

cases and appealing this Court's decision to the Federal Circuit, OnePlus *never previously denied* or even intimated that OnePlus Global was not its subsidiary, let alone unaffiliated with OnePlus. Indeed, in its mandamus petition, OnePlus failed to argue that OnePlus Global was not OnePlus's authorized agent and only asserted that, despite Brazos's service on OnePlus's authorized agent, Brazos was still required to transmit documents abroad under state law and thus had to serve under the Hague Convention.  *See* Mandamus Petition [Case No. 21-165, Dkt. 2-1] at 10.

Because OnePlus failed to raise this known fact and correct the record earlier, Brazos had no reason to believe OnePlus Global was not OnePlus's authorized agent.  As a result, Brazos relied on OnePlus's extensive briefing in the other five cases when continuing to serve OnePlus Global.  This Court and the Federal Circuit similarly relied on OnePlus's prior briefing to reach their decisions.  As such, OnePlus has waived its right to assert any arguments with respect to OnePlus Global.  *See Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude litigation of the issue in a suit on a different cause of action involving a party to the first case"); *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.,* 434 F.3d 320, 323 (5th Cir. 2005) (same); *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 532 (S.D. Tex. 2011) (same).

Accordingly, this Court correctly followed the binding precedents and approved alternative service on OnePlus.

### C.    The Court Correctly Authorized Alternative Service Because Brazos Made A Reasonable Attempt At Conventional Service And Demonstrated Special Circumstances Warranting Alternative Service

This Court has held that alternative service is proper where:  (1) the plaintiff has made a reasonable attempt at conventional service; or (2) there are special circumstances warranting alternative service.  *See* Dkt. 14 at 8.  Brazos meets both of these requirements.

### 1.    Brazos Made A Reasonable Attempt At Conventional Service

Brazos attempted conventional service on three representatives of OnePlus, including: (i) OnePlus's U.S. counsel, Jacob Minne; (ii) OnePlus Global that Brazos believed – by no fault of its own – to be OnePlus's authorized agent; and (iii) OnePlus's U.S. subsidiary and apparent jurisdictional alter ego, OnePlus USA.  Exs. D-F.

First, Brazos's service on OnePlus's counsel is a reasonable attempt at conventional service because that counsel not only represents OnePlus in the other five cases, █████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████

Second, Brazos's service on OnePlus Global is a reasonable attempt at conventional service because Brazos had no reason to believe OnePlus Global was not OnePlus's authorized agent, and OnePlus repeatedly failed to correct the record and advise Brazos accordingly.  Moreover, because a reasonable attempt at service does not require completion of service, it is irrelevant whether OnePlus Global was, in fact, OnePlus's authorized agent at the time of the attempt.

Third, Brazos's service on OnePlus's apparent jurisdictional alter-ego, OnePlus USA, is a reasonable attempt at conventional service.  As Brazos set forth in its briefing (Dkt. 12 at 10-11), there is little doubt that OnePlus USA is OnePlus's jurisdictional alter ego.  Even though Brazos has not had a chance to conduct jurisdictional discovery, Brazos would easily meet the low "totality of the circumstances" alter-ego standard in the jurisdictional context, given the obvious fact that OnePlus is controlling and using OnePlus USA to sell the same infringing products in the U.S. and derive its revenues from OnePlus USA's infringing activity here.[2]  *See DP Solutions, Inc. v.*

---

[2] The present case is distinguishable from *WSOU Invs., LLC v. ZTE Corp.*, No. 6:22-CV-00136-ADA, 2022 WL 3108557, at *4 (W.D. Tex. Aug. 4, 2022), where the Court found serving ZTE's

*Rollins, Inc.*, 34 F. App'x 150, 2002 WL 494672, at *5-6 (5th Cir. 2002) (noting the lower standard for establishing alter ego test for jurisdictional purposes and holding that alter ego can be found where the parent company exercised control over the subsidiary and the companies shared certain officers, reported their financials on a consolidated basis, and shared income tax returns); *United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 694 (5th Cir. 1985) ("there is no litmus test for determining whether a subsidiary is the alter ego of its parent" and because the "[r]esolution of the alter ego issue is heavily act-specific …. it is peculiarly within the province of the trial court."); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 418 (5th Cir. 2006) (noting that the totality of circumstances need to be examined for alter ego jurisdictional purposes and providing a non-exhaustive list of factors that a District Court may consider, including the parent's use of the subsidiary property as its own, common executives, and consolidated financial statements.); *The Richards Group, Inc. v.Brock*, No. 3:06-CV-0799-D, 2007 WL 700896, at *3 (N.D. Tex. Mar. 7, 2007) (in analyzing whether the alter-ego theory applies, the Court should examine the "totality of the circumstances.").

### 2.    OnePlus's Bad-Faith Acts Constitute Special Circumstances Warranting Alternative Service

Finally, Brazos demonstrates special circumstances warranting alternative service by submitting clear evidence that OnePlus:  (i) was fully aware of Brazos's complaint and alternative service filings but failed to object to service and correct the record as to its relationship with OnePlus Global; (ii) filed a procedurally defective Motion; and (iii) made frivolous arguments that have been repeatedly rejected by this Court and the Federal Circuit.

---

subsidiary was not a reasonable attempt at conventional service because there had already been a finding that that subsidiary *was not* an alter ego.

<u>First</u>, the fact that OnePlus's counsel (served here) represents OnePlus █████████ ████████████████████ attacking Brazos's complaint through the Motion, distinguishes this case from the ZTE case, where there was only evidence that counsel had represented defendant in other patent cases.  *See WSOU Invs., LLC v. ZTE Corp.*, 2022 WL 3108557, at *4; *see also Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017) (finding that district court did not abuse its discretion in granting plaintiff's motion to serve a defendant by alterative means when plaintiff presented evidence that it "diligently attempt to serve" the defendant in the U.S. including through defendant's counsel who declined to accept service on defendants' behalf).

Here, Brazos submitted correspondence with OnePlus's counsel showing that OnePlus has been acting in the litigation through that counsel ████████████████████ ███████████████████████████████████████████  *See Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-CV-05784-VKD, 2019 WL 5550039, at *3 (N.D. Cal. Oct. 28, 2019) ("Generally, the fact that alternate service will be faster does not, by itself, justify service by alternate means …. At the same time, however, Senior-China indisputably already has actual notice of this action.  Indeed, both defendants have been actively communicating with Celgard and acting in this litigation through their counsel at Latham & Watkins. As noted above, Senior-U.S. has been served.  Permitting alternate service as to Senior-China therefore will ensure that this matter will be able to proceed without undue delay."); *Marlabs Inc. v. Jakher*, No. 07-cv-074074 (DMC)(MF), 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (service upon the foreign defendant through his attorney comported with constitutional due process since defendant was on notice of the lawsuit and had regular contact with its attorney); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07–1827 SI, 2010 WL 1337743, at *3 (N.D. Cal. Apr. 2, 2010) (where the defendant was advised by U.S. counsel regarding the lawsuit and participated in

the case through U.S. counsel, it was reasonable to find that the defendant had sufficient notice of the suit and service through that counsel comported with due process).

Moreover, this Court has made it clear in the ZTE case that if "it turns out that [defendant] has in fact obtained actual notice through [counsel] and that [defendant] has worked with [counsel] beyond a special appearance to object to service, then the Court will consider this in its full § 285 analysis if [plaintiff] becomes the prevailing party." *WSOU Invs. LLC v. ZTE*, Case No.: 6:22-cv-00136-ADA, Dkt. 25 at 12. As such, OnePlus cannot claim it was not properly served and does not have adequate notice of the case. And OnePlus may be subject to penalties if it continues to waste judicial resources and Brazos's time and money by insisting on additional service.

Second, OnePlus admitted that the main goal of the Motion is to "vacate and reverse" the Court's alternative service motion. Mot. at 1, 16. If OnePlus wanted to relitigate the Order, it should have done so though a motion for reconsideration. OnePlus failed to do so and knows the Motion is procedurally defective.

Third, OnePlus refuses to accept the state of law and seeks to waste the Court's time and Brazos's resources by improperly attempting to relitigate established precedents. OnePlus denigrates Brazos as a "prolific plaintiff" that "unjustifi[ably] invo[kes]" Rule 4(f)(3) (Mot. at 15) when this Court and the Federal Circuit have *repeatedly* upheld *Brazos's* invocation of that rule.

But it is OnePlus who failed to correct the record for two years in its exhaustive briefing. And it is OnePlus who squarely failed to oppose Brazos's alternative service briefs in this case despite having ample notice of Brazos's arguments.

And OnePlus should not be allowed to rehash the same arguments which have been *directly and repeatedly rejected* by this this Court *and* the Federal Circuit. For instance, OnePlus devotes a section of its brief to arguing that Brazos was required to follow the Hague convention (Mot. at

14), when relevant precedent, including the Court's Order here, explicitly states that "The Federal Rules of Civil Procedure Do Not Require a Hague Service Attempt Before Granting Leave for Alternative Service Convention" (Order at 14); *see also, e.g.*, *Volkswagenwerk*, 486 U.S. at 707; *Terrestrial Comms*, 2020 WL 3270832, at *3; *Terrestrial Comms*, No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *3 (W.D. Tex. June 24, 2020).

OnePlus's frivolous Motions is thus nothing but a transparent attempt to exhaust Brazos before even reaching the merits of the underlying matter, and should be denied.

## V.  CONCLUSION

For the foregoing reasons, Brazos respectfully requests that the Court deny OnePlus's motion to dismiss for insufficient service of process and lack of personal jurisdiction.

Dated:  October 7, 2022

RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5096

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

**Attorneys for Plaintiff**
**WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 14th day of October 2022, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
